JAMES MANN *v.* STATE OF MISSISSIPPI.

CRIMINAL LAW. *Indictment. Form. Assault with intent to murder.*

An indictment, properly captioned and concluded, charging that defendant, on a day stated, in a designated county, "did unlawfully with a pistol make an assault, the said pistol being a deadly weapon, by shooting and wounding Sam Morris, with intent the said Sam Morris feloniously, willfully and of his malice aforethought to kill and murder," sufficiently charges a felonious assault with intent to kill and murder.

FROM the circuit court of Leake county.

HON. JOHN R. ENOCHS. Judge.

Mann, appellant, was defendant in the court below, was convicted of, and sentenced for, crime and appealed to the supreme court. The only question was as to the sufficiency of the indictment, to which a demurrer was interposed, but which the court below overruled. The indictment, save its formal parts, is set out in the opinion of the court.

*D. E. Sullivan,* for appellant.

Mann made an assault on whom? We suppose that he assaulted Morris, as Morris was, on some occasion or other, on or after November 12, 1900, shot by Mann. The assault was made on some one with a pistol, as no other firearm is mentioned in the indictment. But there is ample room for the assault to have been made on some one with a pistol loaded with bullets and for the shooting to have been done with a shotgun loaded with bird-shot.

Who knows from the indictment that the assault was made and the shooting done with a deadly weapon, as it must have been to constitute the crime intended to be charged? And, again, "the said pistol being a deadly weapon." Being a deadly weapon when? Now (at the time of the drawing of the indictment) and not at the time of the shooting.

"It is said that the word being *existens* will, unless necessarily connected with some other matter, relate to the time of the indictment rather than the offense; and, therefore, an indictment for a forcible entry on land, being the prosecutor's freehold, without saying 'then being' was held insufficient." Bishop on Criminal Procedure (3d ed.), sec. 410.

"Then and there" should have been used to show that the pistol was a deadly weapon when the assault was made, and not at the time the indictment was drawn, and also to show that the shooting and wounding was done at the same time and place, that the assault was made, and to exclude the idea that

it was done at some other time and place. "Then and there" should also have been used to show that the intent to kill and murder existed at the time and place of the assault, the shooting and wounding.

The elements of time and place, and consequently the allegations of them, pertain to no one part of an offense and the accusation of it, but are essential to all. 1 Bishop on Criminal Procedure (3d ed.), sec. 407.

The constitution secures the accused the right to have the facts which constitute the alleged crime stated in the indictment with sufficient certainty to enable him to know with what offense he is charged and to prepare his defense, both by plea of not guilty and of former acquittal or conviction.

*W. L. Easterling,* Assistant Attorney-General, for appellee.

The indictment is sufficiently clear to inform the defendant for what he was to be tried, when and where he committed the crime charged, upon whom he made the assault, with what he made it and his purpose and intent in making it.

The indictment meets the requirement laid down in *Johnson's case,* Walker, 392. The authorities cited by counsel for appellant are not applicable to the case at bar.

Terral, J., delivered the opinion of the court.

The appellant was convicted of the following charge: "That J. H. Mann on the 12th day of November, 1900, in Leake county, did unlawfully, with a pistol, make an assault, the said pistol being a deadly weapon, by shooting and wounding Sam Morris, with intent the said Sam Morris feloniously, willfully, and of his malice aforethought, to kill and murder, against the peace," etc., and was fined $250, from which judgment he appeals. The fine is common to a simple assault and to a felonious assault, and it is essential, therefore, that the charge should be good for both crimes. That the charge, whether for a felonious or for a simple assault, is awkwardly

expressed, must be admitted, but we incline to the view that it is good for either crime. We think the strong implication is that Mann had a pistol loaded and charged with deadly missiles, and so, being a deadly weapon, he discharged said pistol at Morris, and thereby wounded Morris with the intent of said Mann to kill and murder Morris. It does not appear that appellant suffered any harm from a failure to charge a more precise designation of the offense; nor do we understand how he could have been mistaken as to the crime intended to be laid against him. If the charge be not precisely direct in its character, it is so direct and precise that its meaning cannot be mistaken. It intended to charge Mann with shooting at Morris with a pistol loaded and charged with deadly missiles, with the intent to kill and murder Morris, and that is the plain and necessary implication of the words used. A form of indictment similar to this is found in Whart. Prec. Indict., 242, which is approved by Cooper, C. J., in *Wood* v. *State*, 64 Miss., 773 (2 So., 247).

*Affirmed.*